**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose NUÑEZ–ROSAS, Defendant—Appellant.**

**No. 05–35448.**

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Feb. 20, 2007.*

Filed Feb. 28, 2007.

Judith R. Harper, Esq., Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Jose Nuñez–Rosas, Eden, TX, pro se.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Federal prisoner Jose Nuñez–Rosas appeals *pro se* from the district court's order denying his motion under 28 U.S.C. § 2255. Appellant pleaded guilty to distributing 50 or more grams of a substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841, and was sentenced to 70 months in prison. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Appellant contends that his trial counsel was ineffective for failing to call witnesses to testify at the sentencing hearing that appellant did not know his codefendants possessed a firearm during the crime, so that appellant might avoid the 2–level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1). In an affidavit submitted in the district court, trial counsel stated that he had "received information directly from [appellant] regarding his knowledge or possession of the handgun." Because trial counsel knew that contrary testimony would have been false, he was not ineffective for failing to present such testimony at the sentencing hearing. *See Nix v. Whiteside,* 475 U.S. 157, 171, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the district court did not abuse its discretion by not holding an evidentiary hearing on appellant's claim. *See Totten v. Mer-*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*kle,* 137 F.3d 1172, 1176–77 (9th Cir.1998) ("[A]n evidentiary hearing is *not* required on issues that can be resolved by reference to the ... record.").

We construe appellant's briefing of an uncertified issue as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22–1(e). So construed, we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**